**Rene ELLIS, Plaintiff-appellant,**

**v.**

**UNITED STATES of America, Defendant-appellee.**

**No. 04–3016–CV.**

United States Court of Appeals, Second Circuit.

June 20, 2005.

Alexander J. Wulwick, to Gross Schwartz Goldstone & Campisi, LLP, New York, NY, for Appellant, of counsel.

Benjamin H. Torrance, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District

constitute "cruelty." *See Bucur,* 109 F.3d at 404.

of New York, Sarah S. Normand, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 20th day of June, two thousand and five.*

Plaintiff Ellis appeals from the judgment of the district court dismissing his claim of negligence, brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues. For substantially the reasons stated by the district court, Ellis' claim of negligence on the part of Officer Rollock is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The evidence of record clearly establishes that Officer Rollock was entrusted with discretion in the enforcement of the policy barring inmates from entering housing units in which they did not reside. Like the district court, we find no conflict on this score between his deposition testimony and his later declaration; moreover, even supposing *arguendo* that his deposition testimony can be understood to indicate that he believed he was expected to check the residence of every prisoner seeking to enter a residence unit in every instance, that subjective understanding is irrelevant because uncontradicted evidence shows that no such requirement was in place. Ellis does not challenge the district court's correct determination that enforcement of the controlled movement policy falls within the scope of the discretionary function exception. *See, e.g., Calderon v. United States,* 123 F.3d 947, 951 (7th Cir. 1997). The judgment of the district court is therefore AFFIRMED.

* A summary order in this case was issued pursuant to Second Circuit Local Rule § 0.23 on April 1, 2005 and was posted on the website of the Second Circuit on the same day, but as a result of clerical error was not docketed or served on the parties pursuant to Fed. R.App. P. 45(b)(1) and (c). Nor was judgment entered pursuant to Fed. R.App. P. 36. This summary order vacates and supercedes the undocketed order of April 1, 2005, which undocketed order does not constitute an order or judgment of this Court and shall have no effect under 28 U.S.C. §§ 1254 and 2101 or Fed. R.App. P. 40 on any subsequent proceedings.